# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TROY EDWARD LANG,**
          Petitioner,

     v.                                                    **Case No. 11C0146**

**JOHN PAQUIN, Warden,**
**Racine Correctional Institution,**
          Respondent.

---

## ORDER

Petitioner Troy Lang files this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On May 30, 2008, petitioner pled guilty in Milwaukee County Circuit Court of receiving stolen property and two counts of possession of a controlled substance with intent to distribute. The court sentenced him to fifteen years of confinement and eight years of extended supervision. He is currently incarcerated at Racine Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner claims that he was denied effective assistance of trial counsel because his counsel failed to file a motion to suppress evidence obtained pursuant to a warrant petitioner believes was not based upon probable cause. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984). Thus dismissal under Rule 4 of the Rules Governing § 2254 Cases is not appropriate because it does not plainly appear from the petition and attached exhibits that petitioner is not entitled to relief.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and

(2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the respondent and transmitted electronically to the Attorney General for the State of Wisconsin pursuant to the memorandum of understanding between the Clerk of Court and the Wisconsin Department of Justice.

Dated at Milwaukee, Wisconsin this 28th day of March, 2011.

/s_____
LYNN ADELMAN
District Judge