# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TROY EDWARD LANG,**
               **Petitioner,**

     v.                                                       Case No. 11-CV-00146

**JOHN PAQUIN, Warden,**
**Racine Correctional Institution,**
               **Respondent.**

---

## DECISION AND ORDER

Petitioner Troy Lang, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his state court conviction, pursuant to his guilty plea, of two counts of possession of a controlled substance with intent to distribute and one count of receiving stolen property. He claims that his counsel was ineffective in failing to challenge a search warrant that, he argues, was unsupported by probable cause.

The relevant facts are as follows: on December 18, 2007, Milwaukee police officers executed a search warrant at petitioner's residence at 5382 S. 8th Street. The warrant described the residence as a single-family ranch-style home with tan siding and brown trim, occupied by "Troy, white male, late 20's, about 5'4" and 140lbs," and it identified such items as snow blowers, shovels, an ice auger, cocaine, scales, packaging items, drug paraphernalia and records, items showing control of the premises, weapons and cell phones. The warrant was based on the affidavit of Detective Timothy Behning, which in turn relied on the statements of a confidential informant who had been arrested for burglary

in the preceding 48 hours. The informant stated that he had participated in at least five garage burglaries and that he regularly gave the property he stole to Troy at 5382 S. 8th Street in exchange for cocaine. The informant described Troy and stated that Troy had exchanged stolen property for drugs within the last 24 hours.

Behning stated that he had corroborated the informant's confessions to three burglaries. The informant said that he broke into a garage in the 1500 block of West Bolivar Avenue twice, the first time to steal a red Toro single-stage snow blower and other items, and the second time to see if the snow blower had been replaced. Behning found two criminal complaints regarding break-ins at 1564 W. Bolivar Ave., one at 1:05 p.m. on December 17, 2007 involving the theft of a red single-stage snow blower and three snow shovels, and the second at 9:30 p.m. that evening, where nothing was taken. The informant also stated that he participated in a burglary in which an ice auger was stolen, and Behning found a recent report documenting such a theft. Behning also verified the existence of a residence at 5382 S. 8th Street.

While executing the warrant, the police seized suspected marijuana, suspected cocaine, suspected prescription drugs, drug paraphernalia, $3700 in cash, and various items of suspected stolen property, including tools and snow blowers. After pleading guilty, petitioner unsuccessfully sought post-conviction relief in the trial court and then appealed. The state court of appeals affirmed his conviction, and the state supreme court denied review.

I may grant petitioners's application for a writ only if the decision of the state court of appeals was "contrary to or involved an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d). To establish ineffective assistance, petitioner must

show that his counsel performed deficiently and that such performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 686 (1984). The state court of appeals rejected petitioner's ineffective assistance claim, concluding that the warrant was based on probable cause and that petitioner's counsel did not perform deficiently by failing to challenge it. The court correctly based its assessment of probable cause on the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238. The court found that the magistrate issuing the warrant reasonably relied on the informant's statements because such statements were likely true. This was so because they were against the informant's penal interest and because the informant was trying to win the favor of the police by providing accurate information. See United States v. Olson, 408 F.3d 366, 371 (7th Cir. 2005). The court also pointed out that the informant's statements included details about Troy's appearance, the location of the house, and the property located there. The court also noted that little time elapsed between the informant's observations and Behning's application for the warrant. Finally, Behning corroborated several of the informant's statements about his own crimes, which lent credibility to the informant's other statements.

The court rejected petitioner's argument that the police are required to investigate and corroborate an untested informant's statements that relate to a warrant's targets. The court noted that under the totality-of-the-circumstances test no one factor is determinative and that the corroboration of some of the informant's statements combined with other indicia of reliability was sufficient. Petitioner's reliance on U.S. v. Mykytiuk, 402 F.3d 773 (7th Cir. 2005) and U.S. v. Koerth, 312 F.3d 862 (7th Cir. 2002) is misplaced because in those cases none of the informants' statements were corroborated.

3

Based on the foregoing, I cannot say that the court's decision that petitioner's counsel did not perform deficiently by not challenging the warrant was contrary to or an unreasonable application of Strickland.

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2011.

s/_____
LYNN ADELMAN
District Judge